OPINION OF THE COURT
Carol Berkman, J.
Victim Services Inc. (Victim Services), a not-for-profit corporation, has moved to quash a subpoena duces tecum is *305 sued by the District Attorney, New York County, to provide the address and telephone number of Ms. Christine Gross, the complainant in the within criminal action, in which defendant Ramsey is charged with various felonies arising from alleged domestic violence. Victim Services asserts that pursuant to Social Services Law § 459-g and the regulations promulgated thereunder, Victim Services is prohibited from releasing to the District Attorney the actual address where the resident is being sheltered. In addition, it argues that the information sought is also shielded by a common-law victim-counselor privilege.* The motion to quash is denied.
Section 459-g of the Social Services Law states that: ”[t]he street address of any residential program for victims of domestic violence applying for funding pursuant to this article shall be confidential and may be disclosed only to persons designated by rules and regulations of the department.”
18 NYCRR 452.10 (c) provides for the confidentiality of facility addresses as follows: ”[e]ach program must maintain a business mailing address separate and distinct from the actual address where residents are sheltered. When releasing the address of any resident, programs must release only the business address of the program and not the actual address where the resident is being sheltered.”
On the other hand, 18 NYCRR 452.10 (a) (2) provides for access to confidential information pursuant to an order by a court of competent jurisdiction:
" 452.10 Confidentiality.
"(a) Access to information. All records, books, reports and papers established and maintained pursuant to this Part and Parts 453, 454 and 455 of this Title relating to the operation of residential programs for victims of domestic violence and to the residents of such programs are confidential. Access to such information will be permitted only as follows * * *
"(2) any person or entity will have access to information as permitted by an order of a court of competent jurisdiction”.
*306 Victim Services argues that the specific prohibition of 18 NYCRR 452.10 (c) limits the broad disclosure permitted pursuant to 18 NYCRR 452.10 (a) (2).
The People persuasively argue that this interpretation of the regulations is inconsistent with the legislative intent.
The Bill Jacket indicates that the purpose of article 6-A of the Social Services Law is to insure "a stable and secure funding source for shelters and programs, and [to] provide * * * for the first time a statutory recognition of domestic violence programs and shelters as what they are — services and programs for victims of domestic violence.” (Mem of Sen Lombardi, Bill Jacket, L 1987, ch 838.) Thus, the bill was meant to fund shelters to provide for the safety of domestic violence victims.
Unquestionably, the safety of domestic violence victims requires that the locations of shelters be kept confidential so as to protect the victims of domestic violence from their abusers. As the ability to maintain confidentiality is impaired by disclosure to anyone (including a court or prosecutor), this court attempted to avoid the disclosure called for by this subpoena by negotiating alternative means to secure the complainant’s appearance. These attempts have failed. The negotiations were perhaps doomed from the outset by certain philosophical differences between Victim Services and the District Attorney over whether clients should be forced to testify. These differences involved attitudes toward the personal empowerment of victims as well as whether their safety is best secured by the total confidentiality for which Victim Services argues or by the successful prosecution of criminal charges. Neither the legislation nor the regulations promulgated thereunder reflect any view that the secrecy of shelters is meant to replace or supersede the use of criminal prosecutions to further the goals of personal and community safety. This court must therefore proceed accordingly.
Contrary to the arguments in behalf of Victim Services, Federal public policy does not favor the provision of confidential services to victims at the expense of legitimate law enforcement purposes. Section 10402 (a) (2) (E) of the Family Violence Prevention and Services Act (42 USC ch 110) requires that funding for State programs is contingent upon a respect for confidentiality. However, this provision cannot be read in isolation. The Family Violence Prevention and Services Act defines a family violence "shelter” as "the provision of temporary refuge and related assistance in compliance with applicable State *307 law and regulation governing the provision, on a regular basis, of shelter, safe homes, meals, and related assistance to victims of family violence and their dependents.” (See, 42 USC § 10408 [4] [emphasis supplied].) As defined by this statute, the term "related assistance” includes "legal advocacy to provide victims with information and assistance through the civil and criminal courts, and legal assistance”. (See, 42 USC § 10408 [5] [D].)
Moreover, the Violent Crime Control and Law Enforcement Act of 1994 (42 USC ch 136) specifically addresses the confidentiality of domestic violence shelters and abused persons’ addresses. While this section requires the United States Postal Service to promulgate regulations to secure the confidentiality of domestic violence shelters and abused persons’ addresses (42 USC § 13951 [a]), it further provides that such regulations "shall not prohibit the disclosure of addresses to State or Federal agencies for legitimate law enforcement or other governmental purposes.” (42 USC § 13951 [c] [emphasis added].)
The argument that the addresses and phone numbers of domestic violence victims are protected by a common-law privilege is also rejected. New York has, by statute, created privileges for a number of confidential relationships. (See, Richardson, Evidence § 409 [Prince 10th ed].) However, no privilege exists between a battered woman and her counselor. In the absence of a statute creating a privilege between two particular parties, no communication is privileged. (See, 8 Wigmore, Evidence § 2286 [McNaughten rev ed].) In any event, addresses and telephone numbers do not normally come within the scope of statutory privileges.
Ultimately, the question of whether to pursue a criminal prosecution is a matter of prosecutorial discretion. That discretion may not be defeated by a court, let alone a complainant or a social services agency. Victim services may be advised to develop procedures to cope with the realities of ongoing court proceedings, but must comply with this court’s subpoenas.

 In an affirmation dated September 22, 1997, Victim Services’ Assistant General Counsel states that Ms. Gross left the Victim Services "Safe Home” residence on August 17 or 18, 1997 and provided no forwarding address. The People have asserted various facts casting some doubt on whether Victim Services can still provide at least some of the information called for by the subpoena. These factual issues do not moot this proceeding, as they can best be resolved at a hearing on whether Victim Services should be punished for failing to comply with the subpoena.